PHILLIPS LYTLE LLP                       **Hearing Date: April 30, 2018**
Nickolas Karavolas, Esq.                  **Hearing Time: 10:00 am**
Catherine N. Eisenhut, Esq.
Attorneys for American Tax Funding, LLC
340 Madison Avenue, 17th Floor
New York, New York 10173
Telephone: (212) 759-4888

-and-

One Canalside
125 Main Street
Buffalo, New York 14203-2887
Telephone: (716) 847-8400
E-mail: nkaravolas@phillipslytle.com
        ceisenhut@phillipslytle.com

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 13 |
| BRENIS BOSTICK, | Case No.: 2-17-20948-PRW |
| Debtor. | **Re: Docket No. 14** |

**OBJECTION OF AMERICAN TAX FUNDING, LLC TO CONFIRMATION OF THE DEBTOR'S CHAPTER 13 PLAN DATED SEPTEMBER 28, 2017**

     American Tax Funding, LLC ("**ATF**"), by its undersigned attorneys, Phillips Lytle LLP, files this objection ("**Objection**") to confirmation of the Debtor's Chapter 13 Plan dated September 28, 2017 [Dkt. No. 14] (the "**Plan**") and in support thereof respectfully represents as follows:

**BACKGROUND**

     1.     On September 6, 2017 ("**Petition Date**"), Brenis Bostick (the "**Debtor**") filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code

("**Bankruptcy Code**") in the United States Bankruptcy Court for the Western District of New York ("**Court**").

2. Schedule A/B filed by the Debtor on the Petition Date lists the Debtor as the fee simple owner of certain real estate located at 370 Hayward Avenue, Rochester, New York 14619 ("**Property**"). Schedule D filed in connection therewith lists ATF as a secured creditor holding tax claims against the Property in the aggregate amount of $6,000.00.

3. ATF holds duly levied tax lien claims against the Property for tax years 2011 through 2013 as evidenced by the proofs of claim filed by ATF on October 20, 2017 [Claim Nos. 1, 2, and 3] ("**Tax Claims**"). As of the Petition Date the aggregate amount of the Tax Claims was $12,528.84. Since the Petition Date, the Tax Claims have been accruing late interest at the statutory interest rate of 18% per annum for tax years 2011 and 2012, and 12% per annum for tax year 2013, pursuant to section 511(a) of the Bankruptcy Code and section 6-111 of the Charter of the City of Rochester. A portion of the Tax Claims represents fees and interest - accordingly, this portion does not accrue interest. *See* Claim No. 1.

4. On September 28, 2017, the Debtor filed the Plan. The Plan provides lump sum payment to ATF during the life of the Plan of $6,000.00, with an interest rate of 0%.

## ARGUMENT

5. The Plan should not be confirmed because it does not provide for full payment of the Tax Claims, including all post-petition interest, fees and other applicable charges.

6. Section 1325(a)(5) of the Bankruptcy Code requires that a Chapter 13 plan provide for payment in full of all allowed secured claims of the Debtor, unless either (i) the secured creditor consents to other treatment as provided for in the Plan; or (ii) the Debtor surrenders the property securing the claim of the secured creditor. 11 U.S.C. § 1325(a)(5).

7. The amount that the Debtor proposes to pay ATF, *i.e.*, $6,000, is insufficient to satisfy the Tax Claims in full because it is based upon an inaccurate pre-petition claim amount.

8. ATF does not consent to the proposed treatment of the Tax Claims under the Plan and the Plan does not satisfy the remaining requirements of section 1325(a)(5).

9. The failure to pay the Tax Claims in full, including post-petition interest at the applicable rate, will result in the liens held by ATF surviving the Debtor's bankruptcy case with additional accrual of interest (at the applicable nonbankruptcy rate) and runs counter to the rehabilitative objection of Chapter 13 of the Bankruptcy Code.

10. In light of the foregoing, the Plan fails to satisfy the requirements under the Bankruptcy Code and applicable nonbankruptcy law and, accordingly, should not be confirmed.

## **CONCLUSION**

**WHEREFORE**, ATF respectfully requests that the Court: (i) grant the Objection in its entirety; (ii) deny confirmation of the Plan; (iii) dismiss this bankruptcy case or, in the alternative, direct the Debtor to amend the Plan to conform to this Objection; and (iv) grant such other and further relief as the Court may deem just and proper.

Dated: Buffalo, New York
April 13, 2018

PHILLIPS LYTLE LLP

By: /s/ Catherine N. Eisenhut
Nickolas Karavolas, Esq.
Catherine N. Eisenhut, Esq.
Attorneys for American Tax Funding, LLC
340 Madison Avenue, 17th Floor
New York, New York 10173
Telephone: (212) 759-4888

-and-

One Canalside
125 Main Street
Buffalo, New York 14203-2887
Telephone: (716) 847-8400
E-mail:nkaravolas@phillipslytle.com
ceisenhut@phillipslytle.com

Doc #02-595242.1